An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROSS ERIC BARTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63402

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on June 28, 2012, more than 15 years after issuance of the remittitur on direct appeal on January 8, 1997. *Barton v. State*, Docket No. 27076 (Order Dismissing Appeal, December 20, 1996). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed four post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See*

_____

[1]*Barton v. State*, 117 Nev. 686, 30 P.3d 1103 (2001); *Barton v. State*, Docket No. 53122 (Order of Affirmance, February 4, 2010); *Barton v. State*, Docket No. 57967 (Order of Affirmance, July 15, 2011); *Barton v. State*, Docket No. 59805 (Order of Affirmance, September 12, 2012).

14-15465

NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant first argues that *Rose v. State*, 127 Nev. ___, 255 P.3d 291 (2011), which discussed the second-degree-felony-murder doctrine, provides good cause for his claim that the trial court improperly instructed the jury regarding second-degree felony murder. Appellant also argues that *Rose* has retroactive effect and that the district court erred by failing to conclude that appellant should receive a new trial based upon retroactive application of *Rose*. Appellant's claim is without merit. Appellant's reliance upon *Rose* is misplaced as the State did not rely upon the second-degree-felony-murder rule. Rather, the State presented evidence of appellant's mental state, arguing that he acted with the intent to kill. This court determined on appellant's direct appeal that there was substantial evidence that appellant intended to kill the victim. *Barton v. State*, Docket No. 27076 (Order Dismissing Appeal, December 20, 1996). As there was substantial evidence that appellant intended to kill the victim, a later case discussing the second-degree-felony-murder rule, such as *Rose*, has no bearing upon appellant's case. Accordingly, appellant fails to demonstrate that *Rose* provides good cause and actual prejudice to overcome the procedural bars.[2]

---

[2]Appellant also argues that error regarding the second-degree-felony-murder instruction is structural error and therefore, he is entitled to a new trial without a consideration of prejudice related to this claim. Appellant's claim is without merit. As discussed in *Rose*, this court reviews claims regarding erroneous instructions for second-degree felony

*continued on next page . . .*

Second, appellant argues that *Martinez v. Ryan*, 566 U.S. \_\_\_, \_\_\_, 132 S. Ct. 1309, 1315, 1319-20 (2012), provides good cause to overcome the procedural bars. However, appellant merely cites to *Martinez* and does not discuss how that case would provide good cause or how his case was affected by the holding of *Martinez*. Accordingly, appellant fails to provide any cogent argument as to how *Martinez* applies to his case. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, we need not address this claim.

In addition, appellant fails to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                     Cherry

---

*. . . continued*

murder under a harmless error standard. 127 Nev. at \_\_\_, 255 P.3d at 295, 298.

cc: Hon. Elissa F. Cadish, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk